Filed 7/12/16  P. v. Williams CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>COLLIN WILLIAMS,<br><br>    Defendant and Appellant. | B265502<br><br>(Los Angeles County<br>Super. Ct. No. YA091881) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark S. Arnold, Judge.  Affirmed.

Joshua Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

Collin Williams was convicted of one count of felony driving in willful or wanton disregard for safety of persons or property while fleeing from a pursuing police officer. (Veh. Code, § 2800.2.) The trial court also found he had violated his probation.[1] After the jury returned a guilty verdict, Williams admitted he had suffered two prior strike convictions within the meaning of Penal Code sections 667, subdivision (d) and 1170.12, subdivision (b), as well as a prison prior within the meaning of Penal Code section 667.5, subdivision (b). The trial court sentenced Williams to a total prison term of 15 years and 4 months. We affirm.

## FACTS

On January 21, 2015, around 2:40 a.m., Los Angeles County Sheriff's Deputies Aaron Rivera and Christopher Quinones were on patrol in Los Angeles. They were in a marked black and white patrol car bearing the Los Angeles County Sheriff's logo. There were red and blue lights on top of the vehicle, and a red lamp on the front. Both deputies were in full uniform. While on patrol, they noticed a white Chevy Impala swerving between lanes in front of them. The deputies saw what appeared to be two male figures silhouetted in the front seats of the Impala.

As the deputies watched, the Impala swerved and nearly hit a few parked cars. The Impala then swerved into the opposing traffic lanes, crossing double yellow lines. The car drove through a stop sign without slowing or stopping. The deputies initiated a traffic stop by activating the patrol car's red and blue lights. The Impala accelerated; the deputies followed, traveling at approximately 60 miles per hour. The Impala then ran a red light. The deputies, driving around 60 or 70 miles per hour, slowed to clear the intersection. They had activated the patrol car siren. The Impala ran through another stop sign and another red light without slowing or breaking. The patrol car was traveling approximately 70 miles per hour; the Impala was gaining distance. The deputies lost sight of the Impala for five to ten seconds. They then saw that the Impala had gone through a golf course's chain link fence and collided with a tree. There was a hole in the

---

[1] Defendant was convicted of attempted murder in 2013. He received a prison sentence of 14 years, which was suspended, and placed on a five-year probation.

fence, skid marks on the golf course driveway, and smoke coming from the Impala's engine. The deputies called for a unit to contain the area.

The deputies approached the Impala. The driver's side door was open. The keys were in the ignition and the car was still running. Deputy Rivera saw footsteps in the front of the car, each of the same dimension, heading south. A man was in the passenger seat. He appeared to be injured. After securing medical attention for the passenger, the deputies and additional law enforcement conducted a search of the golf course, aided by a helicopter. The helicopter directed the deputies to an individual "hunkered down." The deputies found Williams around one mile away from the Impala. He was crouched down or lying down, appeared to be in pain, and limped when raised to his feet. When placed in the patrol car, Williams said, "I'm sorry, sir. I ran because I had some warrants." Deputies cleared the entire golf course and found no other individuals on the course.

The jury found Williams guilty of one felony count of Vehicle Code section 2800.2, driving in willful or wanton disregard for safety of persons or property while fleeing from a pursuing police officer.[2] The trial court found defendant had violated his probation. After being informed of and waiving his rights, defendant admitted suffering two prior strikes and a prison prior. As to the probation violation, the trial court imposed a previously suspended 14-year prison sentence. The court further imposed a consecutive sentence of 16 months in the instant case—one third of the mid-term, doubled pursuant to the Three Strikes Law. The court dismissed the prison prior pursuant to Penal Code section 1385. The court awarded Williams 195 days of custody credits and assessed a $300 victim restitution fine (Pen. Code, § 1202.4, subd. (b)), a $30 criminal conviction assessment fine (Gov. Code, § 70373), and a $40 court operations fine (Pen. Code, § 1465.8, subd. (a)(1)). The court also imposed but stayed a $300 parole revocation fine

---

[2] Before trial, Williams filed motions pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. The *Marsden* motion was denied. The *Pitchess* motion was granted as to Deputy Rivera, for prior complaints of fabrication of police reports and lying. Upon reviewing the relevant files in camera, the trial court determined there were no discoverable materials.

(Pen. Code, § 1202.45).  The court further ordered Williams to pay $2,100 in restitution to the golf course, supported by an itemized receipt.  (Pen. Code, § 1202.4, subd. (f).)

## DISCUSSION

Appellant filed a timely notice of appeal.  We appointed appellate defense counsel. On March 28, 2016, appellant's appointed counsel filed an opening brief raising no issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On the same day, we notified appellant by letter that he could submit within 30 days any ground of appeal, contention, or argument which he wished us to consider.  Williams asked for an extension of time, which we granted, however he has not filed a response.[3]  We have independently reviewed the record submitted on appeal, and are satisfied that appellant's appointed counsel has fulfilled his duty, and that no arguable issues exist.  (See *People v. Wende, supra,* 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

BIGELOW, P.J.

We concur:

FLIER, J.

GRIMES, J.

---

[3]     Williams also requested new appellate counsel.  On May 13, 2016, we denied the request.